# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **DKW LAW GROUP, PC,** | : | |
| | : | **Bankruptcy No. 03-28186-MBM** |
| Debtor. | : | |
| | : | |
| **Natalie Lutz Cardiello,** | : | Chapter 7 |
| Plaintiff-Trustee, | : | |
| | : | |
| v. | : | **Adversary No. 05-2756-MBM** |
| | : | |
| **Mylan Laboratories, Inc.,** | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER OF COURT

**AND NOW,** this **15th day** of **September, 2005**, upon consideration of (a) the adversary complaint brought by Natalie Lutz Cardiello, the Chapter 7 Trustee in the instant bankruptcy case (hereafter "the Trustee") and plaintiff herein, wherein the Trustee pleads five counts, two of which are for fraudulent conveyance and one each for breach of contract, conversion, and unjust enrichment, and (b) the Rule 12(b)(6) motion to dismiss brought by Mylan Laboratories, Inc. (hereafter "Mylan"), the instant defendant;

and subsequent to notice and a hearing on Mylan's motion to dismiss held on September 14, 2005,

it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a)  Mylan's motion to dismiss is **DENIED WITH PREJUDICE** with respect to the Trustee's **two fraudulent conveyance** causes of action (Counts 1 and 4),

(b) Mylan's motion to dismiss is **GRANTED** with respect to the Trustee's causes of action for **breach of contract, conversion, and unjust enrichment** (Counts 2, 3 and 5), and

(c) to the extent that the Trustee's two fraudulent conveyance actions are in any way predicated upon duress or coercion that the instant debtor (hereafter "the Debtor") is perhaps alleged to have been subjected to by Mylan, such fraudulent conveyance actions shall fail.

The Court must dismiss the Trustee's breach of contract action because, the Court holds in turn, the Trustee, in her complaint, pleads all of the facts that would serve to establish the presence of an accord and satisfaction between the Debtor and Mylan. In so holding, the Court follows the decision in Occidental Chemical Corp. v. Environmental Liners, Inc., 859 F.Supp. 791, 793-94 (E.D.Pa. 1994) (citing Cohen v. Sabin, 307 A.2d 845, 849 (Pa. 1973)), which decision, this Court holds, is indistinguishable from the instant matter because (a) "[a]n offer to pay any portion of ... [an unliquidated or disputed] claim as payment in full for the whole disputed claim is valid consideration, *see* Id. at 794, and (b) such offer to pay, and thus valid consideration, is found to have existed in both Occidental Chemical and in the instant matter. The Court rejects the Trustee's attempt to distinguish Occidental Chemical from the instant matter on the basis that, in contrast to Occidental Chemical, the partial payment in the instant matter may have been for a distinct liability not part of the disputed debt because, as the Court understands it, the parties herein do not contest that the invoice that was

the subject of controversy between the Debtor and Mylan contained only charges incurred under one standing contract of retention between the parties.

Because of the presence of an accord and satisfaction between the parties, the Trustee's causes of action for conversion and unjust enrichment must also necessarily fail. The Trustee's conversion action also fails because (a) no chattel, including money, was taken or interfered with by Mylan, and (b) the Debtor's account receivable due from Mylan, as a matter of law, was not converted by Mylan by virtue of its actions – i.e., an account receivable cannot be the subject of an action for conversion.

**IN SUMMARY**, Mylan's motion to dismiss is (a) **DENIED WITH PREJUDICE** with respect to the Trustee's **two fraudulent conveyance** causes of action (Counts 1 and 4), and (b) **GRANTED** with respect to the Trustee's causes of action for **breach of contract, conversion, and unjust enrichment** (Counts 2, 3 and 5).

**BY THE COURT**

_/s/_
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

cm:   Richard A. Finberg, Esq.
      Bradley S. Gelder, Esq.
      Malakoff Doyle & Finberg, P.C.
      The Frick Building, Suite 200
      Pittsburgh, PA 15219

Stanley E. Levine, Esq.
Campbell & Levine
1700 Grant Building
Pittsburgh, PA 15219

(Case Administrator to serve)